## Albert R. Wildey and another v. Sidney Cox.

*Trover: Sheep: Master and servant: Conversion.* Where B, by permission of the owner of the lot, turns his sheep into a pasture where A's sheep are pasturing, and subsequently B's son C, by direction and acting as the servant of B, removes B's sheep from said lot to another lot, and in so doing carelessly and negligently removes A's sheep also, and B declines, when requested by A, to assist in separating the sheep; and C afterwards, by direction and acting as servant of B, removes all of said sheep to B's own farm without separating, or making any effort to separate them, and B afterwards refuses, on demand of A, to separate, or assist in separating, the sheep, whereby A's sheep are lost to him, the latter may recover the value of his sheep in an *action of trover against* B and C jointly.

*Heard and decided May 1.*

Error to Van Buren Circuit.

This suit was brought by Sidney Cox against Albert R. Wildey and Charles Wildey before a justice of the peace, where the plaintiff recovered judgment. The defendants appealed to the circuit court, where the cause was tried by the court without a jury, and the following finding of facts made and filed, viz:

" This is an action brought to recover the value of a number of sheep. The testimony discloses the following facts: In June, 1869, plaintiff, by permission of the owner of the premises, turned twelve of his sheep into the pasture lot of Isaac W. Willard; afterwards the defendant, Albert R. Wildey, with Willard's permission, turned some two hundred of his sheep into the same lot. About August 20th, next following, the defendant, Albert R. Wildey, directed his son Charles to take his, Albert R's, sheep out of the lot; which was accordingly done by said Charles Wildey. At this time the plaintiff's sheep were with the defendant's, Albert R. Wildey's, sheep, and were, by and through the carelessness and negligence of the said Charles Wildey, driven away with the defendant's sheep to the pasture lot

of one Dilly. The next day the plaintiff called upon the defendant, Albert R. Wildey, and told him that he had driven away his, plaintiff's, sheep, with his own, and requested him to assist him in getting them. Wildey replied, declining to assist in getting the sheep, but told the plaintiff he could go to Dilly's and get them himself. Subsequently (perhaps four or five days) the defendant, Albert R. Wildey, directed the defendant, Charles Wildey, to take the sheep from Dilly's to the farm of said Albert R. Wildey. Charles did this, at the same time carelessly and negligently taking plaintiff's sheep with defendant's, and leaving them on his, said Albert R's, farm, instead of separating them from the sheep of the defendant. It does not appear from the testimony that Albert R. told Charles to interfere with, or drive away plaintiff's sheep, but simply to drive the sheep from Willard's and Dilly's. The plaintiff went to Wildey's several times for the sheep, and finally succeeded in getting six of them but never got the others. From the testimony in the case, I find that the defendant, Charles Wildey, in driving the sheep from Willard's to Dilly's and from Dilly's to the farm of Albert R. Wildey, was acting as the servant of said Albert R., and under his instructions and directions to take and drive his, Albert R's, sheep; that after the sheep were driven to Dilly's and before they were driven to the farm of Albert R., he, Albert R., was informed of the fact that plaintiff's sheep were with his, and without making any effort to separate them, directed his son to take the flock to his farm; that the sheep were so taken to his farm, including the twelve belonging to the plaintiff, without any effort being made by either of the defendants to separate the said sheep; that plaintiff on several occasions demanded his sheep of the defendant, Albert R., at his farm; that the plaintiff, with the assistance of the son of Albert R., succeeded in getting

six of his sheep, but was unable to get the other six; the defendant, Albert R., never having separated them from his own. And I do further find that the value of the six sheep lost to the plaintiff, through the careless, wrongful, and negligent acts of said Charles Wildey and Albert R. Wildey as aforesaid, is thirteen dollars and fifty cents; and that the plaintiff has, by reason of the careless, wrongful, and negligent conduct of the defendant, Charles Wildey, while acting as the agent and servant of the defendant, Albert R. Wildey, in and about the business of the said Albert R. Wildey, and by reason of the carelessness and negligence of the said Albert R. Wildey herein before found and set forth, sustained damages as aforesaid, in the sum of thirteen dollars and fifty cents. From the foregoing facts I find as a conclusion of law that both of said defendants are liable to said plaintiff for his said damages, and that the plaintiff, Sidney Cox, is entitled to recover of the defendants, Albert R. Wildey and Charles Wildey, the said sum of thirteen dollars and fifty cents. Let judgment be entered accordingly."

The defendants brought the case to this court on writ of error; the only question raised being whether the finding of facts was sufficient to support the judgment.

*Severens, Potter & Boudeman,* for plaintiffs in error.

*S. H. Blackman* and *Arthur Brown,* for defendant in error, were stopped by the court.

THE COURT held that the finding was sufficient to support the judgment.

Judgment affirmed.